### DIAMOND POWER SPECIALTY CO. v. MERZ CAPSULE CO.

(Circuit Court of Appeals, Sixth Circuit. October 5, 1921.)

No. 3525.

Patents ☞328—1,052,164, for boiler tube cleaner, held not infringed.

　　The Miggett patent, No. 1,052,164, for a boiler tube cleaner using a steam jet, *held* valid as showing a small advance in the art, but limited to a device having a single passage movable nozzle capable of a change of angle relatively to the axis of revolution, by means independent of such rotation, and not infringed by one having a nozzle with a plurality of passages.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by the Diamond Power Specialty Company against the Merz Capsule Company. Decree for defendant, and complainant appeals. Affirmed.

Wm. J. Belknap and Chas. B. Belknap, both of Detroit, Mich. (Whittemore, Hulbert & Whittemore, L. J. Whittemore, and Wm. J. Belknap, all of Detroit, Mich., on the brief), for appellant.

V. H. Lockwood, of Indianapolis, Ind. (V. H. Lockwood and Lockwood & Lockwood, all of Indianapolis, Ind., on the brief), for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. Suit on patent No. 1,052,164, to Miggett, February 4, 1913, on boiler-tube cleaners or flue-blowers. The defenses are lack of novelty and invention, noninfringement, and license or permission covering the device of the patent. Upon hearing on pleadings and proofs the bill was dismissed. Hence this appeal.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The blower of the type involved here is arranged horizontally in an opening in the wall in the rear of the boiler, a jet of steam being delivered thereby into the rear ends of the flues, and soot and other impurities driven forwardly through the tubes and out through the chimney. The blower mechanism consists generally of a cylindrical, rotating body (mounted in a stationary covering) communicating with the steam supply and carrying at its discharge end a nozzle through which the steam is projected, the rotation of the nozzle enabling the operator to cause the steam jet to reach progressively all of the flues.

Rotary nozzle-carrying blowers for cleaning horizontal boiler tubes, and adapted to concentrate the steam blast upon a small number of flues at a time, were old at the time of Miggett's application. The prior patent art is illustrated by Hodge (1903), Hodge (1905), Taber (1906), Bradley (1907), Herman (1907), and Hodge (1908). Each of these patents, except Hodge (1908), disclosed a nozzle either with one slotted opening or with two or more steam-directing passages, all inclined at different angles to the axis of the nozzle, the angle at which the steam is directed changing with the rotation of the blower body. While these devices accomplished the result of reaching all the tubes, none of them disclosed any means for adjusting the angle of the nozzle independently of its rotation, and so for overcoming a tendency to throw steam upon the tube sheet or upon the brickwork, to their injury, as well as under the boiler, also to waste steam not only in the manner stated but through the use of a plurality of steam passages.[1] Miggett disclosed, by the patent in suit, a single movable nozzle within a horizontal spindle, and having a single steam passage therein; a bevel gear on the end of another shaft within this spindle meshes with a bevel gear on the rear of the nozzle piece. By rotating a crank arm on the other end of this shaft the angular relation of the discharge end of the nozzle may be changed at the will of the operator. When this crank arm is attached to the hub or dial on the crank-arm which revolves the body portion the nozzle revolves only therewith. Hodge however, had, on February 4, 1908, been granted patent No. 878,286, upon a rotary cleaner having a single movable nozzle with a single steam passage therein, the nozzle being shiftable to different angles relatively to the axis of revolution of its shaft, this shifting adjustment being, as in the later patent to Miggett, accomplished by the use of a bevel gear upon the outer end of the nozzle shaft meshing with another bevel gear upon the rear end of the nozzle piece. By the use of a double system of gears. operated by a crank, the hollow spindle and nozzle are revolved in the same direction but at different speeds. This Hodge patent is prior art as to Miggett, although the patent had not been issued when Miggett's application was filed. Hodge's application and issue dates respectively antedate those of Miggett. Lemley v. Dobson-Evans Co. (C. C. A. 6) 243 Fed. 391, 395, 156 C. C. A. 171. The only substantial respect in which Miggett differs from Hodge is that the former makes the rotary and lateral movements of the nozzle

---

[1] Smith (1895), who used water instead of steam, also disclosed a nozzle pointing in a direction inclined to its axis of rotation.

occur successively, while in the latter the two movements are made simultaneously.[2]  While Miggett's advance over Hodge was not great, it had utility, and we are disposed to accord it some measure of invention. The decision below seems to have been based on a conclusion of noninfringement. The only claim involved is No. 27, which reads:

"A boiler tube cleaner, comprising a rotary body having means for delivering a steam-jet at different angles to the axis of said body, means for controlling the delivery-angle of the jet, means for rotating said body, a shaft operatively connected with said controlling means, extending lengthwise of said body and rotatable independently thereof, and means for coupling said shaft to said body-rotating means."

Defendant's device is manufactured by the Marion Foundry & Supply Company under the Barnhill patent, No. 913,675, February 23, 1909. Instead of having an adjustable nozzle with a single opening, it employs a nozzle-piece having four steam-directing passages, all inclined at different angles to the axis of the nozzle, and so arranged that jets from the four several passages successively are capable of reaching all the tubes. But one steam passage can be used at a time, all but the selected passage being closed by a valve, manually operable at the outer end of the blower, by means of a shaft which rotates independently of the blower-body. In a purely literal sense the claim may be made to read upon defendant's device; but it scarcely need be said that literal reading is not the sole test of infringement. It is only by a liberal construction of plaintiff's patent that defendant's device can be found to infringe the claim in question; and Miggett's advance is too narrow to permit a liberal construction, with an attendant broad range of equivalents, or to extend protection beyond the characteristic construction disclosed by him.

The fundamental principle of the Miggett patent, and which gives it such measure of invention as we are disposed to accord to it, is a single-passage movable nozzle, the entire of which is capable of a change of angle relatively to the axis of revolution by means independent of such rotation. Miggett evidently had no idea of using the

[2] Hodge's specification states: "The outlet end of the nozzle is arranged at an angle to the axis on which its inlet end turns on the front body section. Upon rotating the front body section while the outlet of the nozzle mounted thereon projects laterally at the greatest angle relatively to the axis of the front body section, as shown in Fig. 2, the steam issuing therefrom will be delivered in a circular path successively into the outermost flues of the flue area. Upon turning the nozzle in the front body section so that the outlet end of the same is parallel with and substantially in axial alinement with the front body section, as shown in Figs. 1 and 6, the steam issuing from the nozzle will be directed into the flues at the center of the flue area. By turning the nozzle on the front body section so that its outlet is at a greater or lesser angle to the axis of the front body section the circular path of the steam jet may be increased or decreased in diameter between the two extremes which it is possible to adjust the nozzle and thus enable each of the flues to be reached by the steam jet." It is obvious that with suitable mechanism Hodge's nozzle, with its bevel gears, could be made to revolve independently of the spindle, but we find no disclosure of either mechanism therefor or of desirability thereof.

plurality-of-passage piece of the earlier art which defendant uses. He clearly chose a distinctly different type. His specification characterizes the invention as of "a type having a nozzle-piece pivoted on a rotary carrier or section of the tubular body at an angle to the axis of the latter, and which is itself arranged at an angle to the axis of its own pivot"; and it is said that "by turning the nozzle with the body section, etc., the blast of steam issuing from the nozzle may be moved in circular paths of different diameters over the entire flue area," etc. Miggett controls the delivery angle of the jet by changing the inclination of the entire nozzle as respects its own axis, as did Hodge. Defendant does not change the angle of his nozzle as respects its own axis, nor does the nozzle turn except as it rotates when the body rotates. Defendant's nozzle does not, we think, in any sense which can properly be given to the patent, revolve at an angle to the shaft which operates it. Its revolution is only about the axis of the drive shaft. Defendant merely selects an opening whose angle of inclination is predetermined. The direction of movement of the steam through any one of the various passages of the nozzle is always the same. Miggett's means for changing the angle of the nozzle's inclination are not adapted or adaptable to defendant's selection of the particular steam passage desired. Defendant's device is not within the spirit or intent of Miggett's invention. As the angle of inclination of defendant's nozzle is not changed, defendant, of course, has no occasion to use Miggett's bevel-gear or any equivalent mechanism. The term "means for controlling the delivery angle of the jet," when read in connection with the specification, naturally suggests a control of the delivery angle of the nozzle.

It results from these views that the District Court rightly dismissed the bill of complaint. This conclusion makes it unnecessary to consider the asserted license or permission to use the device of the patent.

The decree of the District Court is affirmed.